IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JENNIE MARTINEZ and ALBERTA WILLERS,<br><br>     Plaintiffs,<br><br>vs.<br><br>COUNTY OF ANTELOPE, NEBRASKA,<br><br>     Defendant. | 4:15-CV-3064<br><br>ORDER |

  This matter is before the Court on the plaintiffs' Statement of Objections to Magistrate Judge's Order and Certificate of Service (filing 76), objecting to the Magistrate Judge's Memorandum and Order (filing 67) granting the defendant's motion to disqualify plaintiffs' counsel (filing 31). The Court will overrule the objection.

  A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See,* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Ferguson v. United States,* 484 F.3d 1068 (8th Cir. 2007). Having reviewed the record and considered the plaintiffs' objections, the Court finds that the Magistrate Judge's order was neither clearly erroneous nor contrary to law.

  In the Magistrate Judge's memorandum and order, the Magistrate Judge found first found that the communications between McWhorter and Bourne were covered by attorney-client privilege. Filing 67. The Magistrate Judge initially noted that a government entity may invoke attorney-client privilege in a civil case. Filing 67 at 12; *see United States v. Jicarilla Apache Nation,* 564 U.S. 162, 169 (2011). Next, the Magistrate Judge found, based on the record, that McWhorter contacted Bourne on behalf of the Antelope County Board to seek legal advice, and that doing so was within the scope of McWhorter's duties as outgoing county assessor. Filing 67 at 13–14; *Diversified Indus., Inc. v. Meredith,* 572 F.2d 596, 609 (8th Cir. 1977).

  Next, the Magistrate Judge found that McWhorter's disclosure of the information did not waive the privilege. Filing 67 at 14. First, she concluded that the attorney-client privilege in this case belonged to the County, not to McWhorter personally. Filing 67 at 14. Then she found, based on the record, that the County never authorized McWhorter to waive privilege on its behalf,

particularly with respect to any communications that occurred after McWhorter was no longer county assessor. Filing 67 at 14; *see United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996). Finally, the Magistrate Judge concluded disqualification was the appropriate remedy. Filing 67 at 17–18.

The plaintiffs take issue with the Magistrate Judge's findings that the communications at issue were privileged, that the privilege was not waived, and that plaintiffs' counsel intended to use the communications at trial even after it was known that they were privileged. Filing 77 at 2-13. The Court concludes that those findings were neither contrary to law nor clearly erroneous. In reaching that conclusion, the Court has considered the evidence presented to the Magistrate Judge initially, as well as the evidence provided to the Magistrate Judge on the plaintiffs' motion for reconsideration (filing 68) and to this Court through the plaintiffs' motion for leave (filing 75) to submit evidence in support of their objection. The Magistrate Judge has explained that additional evidence was not material to her conclusion, *see* filing 83, and the Magistrate Judge's findings in her June 13, 2016 and July 25, 2016 orders are not clearly erroneous.

The plaintiffs also take issue with the Magistrate Judge's conclusion that disqualification was required. Filing 77 at 13-14. In determining that disqualification—rather than the exclusion of testimony relating to the attorney-client communications—was the appropriate remedy, the Magistrate Judge considered several factors. In particular, she considered whether counsel knew or reasonably should have known that the communications were privileged, whether the privileged communications were purposefully elicited or inadvertently disclosed, whether counsel took measures to avoid receiving privileged information, whether counsel promptly advised opposing counsel that privileged information had been received and took steps to rectify the disclosure, and whether counsel intended to use the privileged information during case preparation, negotiations, or trial. Filing 67 at 17–18.

The Magistrate Judge observed that plaintiffs' counsel did not, upon learning that she had received privileged information, immediately take steps to limit the prejudicial effect of that disclosure. Filing 67 at 18. Rather, plaintiffs' counsel continued to express an intention to use the privileged communications at trial. Filing 67 at 19; *see Gifford v. Target Corp.*, 723 F. Supp. 2d 1110, 1117 (D. Minn. 2010) ("Courts also take into account a party's interest in a trial free from even the *risk* that confidential information has been unfairly used against it.") (quoting *Arnold v. Cargill Inc.*, 2004 WL 2203410, at *5 (D. Minn. Sept. 24, 2004)). Based on those factors, the Magistrate Judge concluded that disqualification was the appropriate remedy. Filing 67 at 19.

The Court is aware that disqualification motions should be subjected to particularly strict scrutiny, and that because a party's right to select its own counsel is an important public right and a vital freedom that should be preserved, the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary. *See*, *Harker v. Commissioner*, 82 F.3d 806, 808 (8th Cir. 1996); *Banque Arabe Et Internationale D'Investissement v. Ameritrust Corp.*, 690 F. Supp. 607, 613 (S.D. Ohio 1988). But the Magistrate Judge found that the plaintiffs' proposed motion in limine barring admission of the privileged evidence would not sufficiently account for the fact that the privileged communications would remain known to plaintiffs' counsel. That finding was supported by the law and not clearly wrong.

Having fully reviewed the Magistrate Judge's memorandum and order, the Court cannot conclude that it was clearly erroneous or contrary to law. Accordingly, the plaintiffs' objection will be overruled.

IT IS ORDERED:

1. The plaintiffs' motion for leave (filing 75) is granted.

2. The plaintiffs' Statement of Objections to Magistrate Judge's Order (filing 76) is overruled.

Dated this 1st day of August, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge